RECEIVED MAY - 2 2006 TERESA L. DEPPNER, CLERK U.S. District Court Southern District of West Virginia

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WEST VIRGINIA
Charleston Division

KEEPER OF THE MOUNTAINS FOUNDATION )
)
)
Plaintiff, )
)
v. ) CA No 2:06-0098
)
UNITED STATES DEPARTMENT OF JUSTICE, )
)
)
Defendant. )

## MEMORANDUM IN SUPPORT OF
## PLAINTIFF'S MOTION FOR VAUGHN INDEX

In this action under the Freedom of Information Act, 5 U.S.C. § 552, as amended, ("FOIA"), Plaintiff seeks access to documents in the possession of the Department of Justice concerning an email addressed to various United States Attorney's Offices. The precise documents to which plaintiff seeks access are itemized in a letter from plaintiff's attorney, dated October 6, 2005 to the Department of Justice. This action was filed on February 10, 2006.

The Executive Office for United States Attorneys on February 8, 2006 mailed Plaintiff a determination (attached as Exhibit "A") with which they included 175 documents that were released in full. Twelve documents which EOUSA asserted had originated with another government agency were forwarded to the Office of Information & Policy for review, which Defendant apparently believes will require another three to four months, and a direct response, which obviously has not yet been received.

Withheld in their entirety were 10 documents, with respect to which no *Vaughn* index was provided. The EOUSA instead merely checked various boxes on the pre-printed form asserting the applicability of exemptions (b)(2) and (b)(5) under the FOIA and (j)(2) under the Privacy Act. Defendant has advised that Plaintiff's administrative appeal based on the failure to produce a Vaughn index will be deemed waived, and dismissed, based upon the Plaintiff's decision to go forward with this litigation.

It is settled beyond cavil that a plaintiff in an FOIA case is entitled to an index of the documents and portions of documents that have been withheld by the defendant agency. *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974). Heily v. DOC, 69 Fed. Appx. 171 (4th Cir. 2003); Gibbs Int'l v. IRS, 1997 U.S. App. LEXIS 30504, 80 A.F.T.R.2d (RIA) 7642 (4th Cir. 1997); Davoudlarian v. Department of Justice, 1994 U.S. App. LEXIS 21787 (4th Cir. 1994); Young v. CIA, 1994 U.S. App. LEXIS 17395 (4th Cir. 1994); Ethyl Corp. v. United States EPA, 25 F.3d 1241 (4th Cir. 1994); Young v. Director, CIA, 1993 U.S. App. LEXIS 20414 (4th Cir. 1993); Young v. CIA, 972 F.2d 536 (4th Cir. 1992); Bowers v. U.S. Dep't of Justice, 930 F.2d 350, (4th Cir. 1991); Spannaus v. U.S. Dep't of Justice, 813 F.2d 1285, (4th Cir. 1987); Simmons v. United States Dep't of Justice, 796 F.2d 709, (4th Cir. 1986); J.P. Stevens & Co. v. Perry, 710 F.2d 136, (4th Cir. 1983);

To withstand review under *Vaughn*, an index must describe each document or portion of each document that has been withheld and give a detailed justification of the agency's grounds for nondisclosure, correlating each exemption of the FOIA upon which the agency relies with the record or portion of the record to which the exemption purportedly applies. *Vaughn*, 484 F.2d 820. Moreover, the description of the withheld material must be "sufficiently specific to permit a

reasoned judgment as to whether the material is actually exempt under FOIA." *Founding Church of Scientology v. Bell,* 603 F.2d 945, 949 (D.C. Cir. 1979).

In this case, all material in 10 documents responsive to Plaintiff's FOIA request has been withheld in its entirety. Moreover, there is no ongoing agency review of the denial of those 10 documents; the pending review relates solely to 12 other documents that originated from other agencies. No purpose would be served by delaying the Vaughn index with respect to the 10 documents already withheld in full because each of those documents must be examined individually, and without regard to the 12 documents being reviewed elsewhere, to determine the claim of an exemption. No economy of resources will be achieved by continued delay; indeed, delay in the production of a Vaughn index will merely extend the time required to conclude this Court's review of the agency decision here. A *Vaughn* index is indispensable for both the Plaintiff and this Court's to test the bases for the government's exemption claims.

WHEREFORE, Plaintiff respectfully requests that this Court require the DOJ to provide Plaintiff with an appropriate *Vaughn* index within 20 days of the date of the Court's Order.

Respectfully submitted,

**KEEPER OF THE MOUNTAINS FOUNDATION**

By Counsel

William V. DePaulo, Esq. #995
179 Summers Street, Suite 232
Charleston, WV 25301-2163
Tel: 304-342-5588
Fax: 304-342-5505
william.depaulo@gmail.com

# CERTIFICATE OF SERVICE

I, hereby certify that a copy of the foregoing Memorandum was mailed, postage-prepaid, this 30 day of April, 2006, to the following:

Charles T. Miller, Esq.
Acting United States Attorney
Kelly R. Curry, Esq.
Assistant United States Attorney
Southern District of West Virginia
P.O. Box 1713
Charleston, WV 25326
Tel: (304) 345-2200
Fax: (304) 347-5443


Peter D. Keisler
Assistant Attorney General
Daniel Riess, Esq.
Elizabeth S. Shapiro, Esq.
Daniel Riess, Esq.
Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
Tel: (202) 353-3098
Fax: (202) 616-8460

*Attorneys for Defendant United States Department of Justice*

William V. DePaulo



U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Unit
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757   Fax 202-616-6478

FEB -8 2006

Requester: William V. DePaulo          Request Number: 05-3341

Subject of Request: E-Mails regarding Corps of Engineers/New Orleans

Dear Requester:

Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices. (Please note, however, that our jurisdiction does not extend to other Departmental components; to the extent you seek records from such other components, please see 28 C.F.R. § 16.3(a).) To provide you the greatest degree of access authorized by the Freedom of Information and Privacy Acts, we have considered your request in light of the provisions of both statutes.

The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 C.F.R. §16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. This letter is a
[X] partial  [ ] full denial.

Enclosed please find:

__175__ page(s) are being released in full (RIF);
_____ page(s) are being released in part (RIP);
__10__ page(s) are withheld in full (WIF). **The withheld documents were reviewed to determine if any information could be segregated for release.**

The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.

### 5 U.S.C. 552 (FOIA)

| | | | |
|---|---|---|---|
| [ ] (b)(1) | [ ] (b)(4) | [ ] (b)(7)(B) | |
| [X] (b)(2) | [X] (b)(5) | [ ] (b)(7)(C) | |
| [ ] (b)(3) | [ ] (b)(6) | [ ] (b)(7)(D) | |
| | [ ] (b)(7)(A) | [ ] (b)(7)(E) | |
| | | [ ] (b)(7)(F) | |

### 5 U.S.C. 552a (PA)

[X] (j)(2)
[ ] (k)(2)
[ ] (k)(5)
[ ] _____

(Page 1 of 2)
Form No. 021 - 5/01

[ ]  A review of the material revealed documents which:

[X]  12    Page(s) originated with another government component. These records were referred to the following component(s) listed for review and direct response to you: Office of Information & Privacy.

[ ]  There are public records which may be obtained from the clerk of the court or this office, upon specific request, subject to a copying fee.

[X]  See additional information attached.

[ ]  A $_____ copying, $_____ search, and/or $_____ review fee is being assessed for the processing of your request.  Please send a certified check or money order for $_____, payable to the Treasury of the United States, within thirty (30) days.  Payment should be mailed to the Freedom of Information Act/Privacy Act Unit, 600 E Street, N.W., Room 7300, Washington, D.C. 20530.

This is the final action this Office will take concerning the above-numbered Request.  You may appeal my decision by writing to the Office of Information and Privacy, Department of Justice, Flag Building, Suite 570, Washington, D.C. 20530, within 60 days from the date of this letter.  (Both the letter and envelope should be marked "FOIA Appeal.")  If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court.  28 C.F.R. § 16.9.

Sincerely,

William G. Stewart II
Acting Assistant Director

Enclosure(s)

## EXPLANATION OF EXEMPTIONS

### FOIA: TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)     (A) specifically authorized under criteria established by and Executive order to be kept secret in the in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order;

(b)(2)     related solely to the internal personnel rules and practices of an agency;

(b)(3)     specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)     trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)     inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)     personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)     records or information compiled for law enforcement purposes, but only the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual.

(b)(8)     contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)     geological and geophysical information and data, including maps, concerning wells.

### PRIVACY ACT: TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)     information complied in reasonable anticipation of a civil action proceeding;

(j)(2)     material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)     information which is currently and properly classified pursuant to Executive Order 12356 in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)     investigatory material complied for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)     material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)     required by statute to be maintained and used solely as statistical records;

(k)(5)     investigatory material compiled solely for the purpose of determining suitability eligibility, or qualification for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his identity would be held in confidence;

(k)(6)     testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)     material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his identity would be held in confidence.