```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        CHARLESTON
```

**KEEPER OF THE MOUNTAINS FOUNDATION,**

    **Plaintiff,**

**v.**                                                    **Case No. 2:06-cv-00098**

**UNITED STATES DEPARTMENT OF JUSTICE,**

    **Defendant.**


**MEMORANDUM OPINION AND ORDER**

Pending before the court is Plaintiff's Motion for Vaughn Index, filed May 2, 2006.  (Docket Sheet Document # 11.)  Defendant, the United States Department of Justice, responded on May 19, 2006.  (# 15.)  The court conducted a telephonic hearing on June 12, 2006, which was attended by all the parties.

Plaintiff filed this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the production of certain records from the United States Department of Justice ("DOJ").  Specifically, by letter dated October 4, 2005, Plaintiff sought documents related to emails from DOJ to various United States Attorney's offices in the areas of the United States affected by Hurricane Katrina.  (# 1 (Complaint for Declaratory and Injunctive Relief), ¶ 1 and Exhibit A.)  The emails contained the following inquiry:

> SUBJECT: Have you had any cases involving the levees in New Orleans?
> QUESTION: Has your district defended any cases on behalf of the Army Corps of Engineers against claims brought by

>     environmental groups seeking to block or otherwise impede
>     the Corps' work on the levees protecting New Orleans?  If
>     so, please describe the case and the outcome of the
>     litigation.
>     District: _____
>     Contact: _____
>     Telephone: _____

(# 1, ¶ 2.)

Plaintiff believes that this email "makes it transparent that Washington officials were looking for a way to transfer to environmentalists the intense, and totally justified, public anger at the incompetence of the federal government's response to Hurricane Katrina."  (# 1, ¶ 2.)  According to Plaintiff, only two suits involving the Corps and levee construction, one in 1977 and one in 1996, were filed by environmental groups, and neither is "germane to an assessment of blame for the federal government's incompetence following Katrina."  (# 1, ¶ 3.)  Plaintiff contends that "[b]ecause the Justice Department's effort to shift blame for the Katrina disaster seriously impugns the integrity of government operations, access to the emails and related documents is in the public interest."  (# 1, ¶ 4.)

In its Answer, Defendant generally denied the above allegations or indicated it was without sufficient information to respond.  (# 8 (Defendant's Answer), ¶¶ 2-4.)  In response to Plaintiff's Motion, Defendant asserts that on or about February 8, 2006, the DOJ component that possessed documents responsive to Plaintiff's FOIA request, the Executive Office for the United

States Attorneys ("EOUSA"), released 175 pages of documents in response to Plaintiff's request.  (# 15, p. 3.)  In addition, according to Plaintiff, twelve documents, which EOUSA asserted had originated from another government agency, were forwarded to the Office of Information & Policy for review.  Plaintiff represents that Defendant had earlier indicated that any response related to these documents will take three to four months.  (# 12, p. 1.)

Plaintiff states that Defendant withheld ten documents in their entirety, and no description of these documents has been provided other than a brief form response.  In its form response to Plaintiff's FOIA request, Defendant checked boxes indicating the documents were withheld in full pursuant to 5 U.S.C. § 552(b)(2), (b)(5) and (j)(2), and were reviewed to determine if any information could be segregated for release.  In an attachment, those exemptions are defined as (1) related solely to the internal personnel rules and practices of an agency; (2) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency; and (3) material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals.  (# 12, Exhibit.) Plaintiff states that Defendant has advised that "Plaintiff's administrative appeal based on the failure to produce a Vaughn index will be deemed waived, and dismissed, based upon the

Plaintiff's decision to go forward with this litigation." (# 12, p. 2.)

Plaintiff filed the instant FOIA action on February 9, 2006. Plaintiff filed the pending Motion on May 2, 2006. The presiding District Judge will conduct a scheduling conference later this month. In its Motion, Plaintiff seeks an order, pursuant to <u>Vaughn v. Rosen</u>, 484 F.2d 820, 827 (D.C. Cir. 1973), compelling Defendant to produce a description of the withheld documents or portions of documents sufficient to allow Plaintiff to contest Defendant's basis for withholding. Plaintiff asserts that unlike the twelve documents forwarded to the Office of Information & Policy for review, there is no ongoing review of the ten documents. Plaintiff asserts that a <u>Vaughn</u> index "is indispensable for both the Plaintiff and this [court] to test the bases for the government's exemption claims." (# 12, p. 3.)

Defendant acknowledges that it bears the burden of proving in a FOIA case that its withholding of certain documents or portions thereof was justified. 5 U.S.C. § 552(a)(4)(B). In meeting this burden, Defendant also acknowledges that the government usually provides a <u>Vaughn</u> index. However, according to Defendant, Plaintiff's Motion is premature, because "a district court's *de novo* review of an agency's claimed exemptions occurs in the context of the government's motion for summary judgment; the court determines whether the agency has met its burden by showing that

4

the withheld documents are exempt from disclosure under the FOIA." (# 15, p. 3.) Defendant, citing several cases, asserts that "the standard practice in FOIA litigation is to allow the agency to file a dispositive motion along with its explanations for the claimed exemptions." (# 15, p. 3.) Defendant further argues that Plaintiff's Motion does not allege that there is any exceptional need or urgency that would necessitate the production of a Vaughn index before the government files a motion for summary judgment. (# 15, p. 5.)

A Vaughn index, derived from the case of Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1974), is a list "which describes each document withheld by an agency with sufficiently detailed information to enable a district court to rule whether it falls within an exemption provided by FOIA." Ethyl Corp. v. United States Envtl. Prot. Agency, 25 F.3d 1241, 1244 n.1 (4th Cir. 1994).

Regarding the issue of when during litigation a Vaughn index should be filed, i.e., at the summary judgment stage or earlier, there is no general consensus among the courts that have considered the issue. The court has considered the published and unpublished cases cited by Defendant in support of its assertion that courts generally do not require an agency to produce such an index before the government files a dispositive motion. (# 15, p. 4); see e.g., Miscavige v. Internal Revenue Service, 2 F.3d 366, 369 (11th Cir. 1993) (FOIA cases generally should be handled on motions for

summary judgment, and plaintiff's early attempt in litigation to obtain a Vaughn index and take discovery was inappropriate until the government first had an opportunity to provide the court with the information necessary to make a decision on the applicable exemptions); Stimac v. United States Dep't of Justice, 620 F. Supp. 212, 213 (D. D.C. 1985) (denying a motion for preparation of a Vaughn index because "[t]he filing of a dispositive motion, along with detailed affidavits, may obviate the need for indexing the withheld documents").

The court finds more convincing, those cases that have required the filing of a Vaughn index prior to the filing of dispositive motions. Providence Journal Co. v. United States Dep't of Army, 769 F. Supp. 67, 68-69 (D. R.I. 1991) (granting motion for Vaughn index and finding argument that court should wait until government files a dispositive motion to file Vaughn index "insufficient and sterile" in light of fact that government had not even indicated when it would file such a motion); Hansen v. United States Dep't of Air Force, No. 91-0099-LFO, 1991 WL 199748, at * 1 (D. D.C. 1991) (granting motion for a Vaughn index and finding it unfair to allow the government four months to file a dispositive motion and then allow the opposing party only two weeks to formulate their entire case and respond to that motion); see Ethyl Corp., 25 F.3d at 1244 (reversing the district court's decision to grant summary judgment, but noting that before the district court,

government had opposed filing of a Vaughn index before the filing of a motion for summary judgment, but that the district court, while staying discovery until it considered the motion for summary judgment, had also entered an order directing the government to produce a Vaughn index).

The court is persuaded that Plaintiff's access to a Vaughn index at this stage of the litigation, rather than later at the summary judgment stage, is the more efficient and fair approach. As the court in Providence Journal, relying on language from Hansen, observed "'[i]t would be unfair to allow the [defendant] months to prepare its case and then force the [plaintiffs] to formulate their entire case within [the short time] they have to respond to that motion.'" Providence Journal, 769 F. Supp. at 69 (quoting Hansen, 1991 WL 199748, at * 1). In addition, the filing of a Vaughn index may facilitate a narrowing of the issues and a reduction in the number of documents as to which there is a bonafide dispute.

Accordingly, it is hereby **ORDERED** that Plaintiff's Motion for Vaughn Index is **GRANTED**. Defendant shall file an index pursuant to Vaughn on or before **Monday, June 26, 2006**.

The Clerk is directed to transmit a copy of this Memorandum Opinion and Order to counsel of record and post this published opinion at http://www.wvsd.uscourts.gov.

ENTER: June 14, 2006

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge