```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**KEEPER OF THE MOUNTAINS FOUNDATION,**

        **Plaintiff,**

v.                                            **Civil Action No. 2:06-0098**

**UNITED STATES DEPARTMENT OF JUSTICE,**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

In the joint status report, filed October 1, 2007, the defendant requests that summary judgment be granted in its favor.

In section IV of the memorandum opinion and order entered on August 28, 2007, the court ordered the following with respect to the issues raised in the defendant's motion for summary judgment:

    1.    The motion as to withholding the two-page tally of U.S. Attorneys' Offices be, and it hereby is, denied;

    2.    The motion as to the four EOUSA e-mail exchanges and six OIP e-mail messages described in the <u>Vaughn</u> indices be, and it hereby is, granted;

    3.    To the extent PAO 4 and OLA 17, 22, 23, 24, 25, and 26 and PAO 5, 9, 11, 12 and OLA 9, 14, 15, and 21 exist, remain undisclosed, and are not described in a <u>Vaughn</u> index, the motion as to these e-mails be, and it hereby is, denied;

    4.    The motion as to the two withheld draft letters by

        an Assistant Attorney General addressed to Congressman Conyers, designated as OLA 7 and 8, be, and it hereby is, denied inasmuch as there is no assurance that the letters have been reviewed to determine whether factual information could be segregated from the opinion material;

5. The parties be, and they hereby are, directed to confer with plaintiff with respect to PAO 4 and OLA 17, 22, 23, 24, 25, and 26 (which thus far have been undisclosed) and PAO 5, 9, 11, 12 and OLA 9, 14, 15, and 21 (which thus far have been redacted virtually entirely).  To the extent there remains disagreement as to the disclosure of these documents, the defendant, specifically OIP, be, and it hereby is, directed to file by October 1, 2007, a supplemental <u>Vaughn</u> index addressing them; and

6. The defendant, specifically OIP, be, and it hereby is, directed to review the draft letters from the Assistant Attorney General to Congressman Conyers, identified as OLA 7 and 8, to determine whether any portions of the letters are disclosable and shall file its determination by October 1, 2007.

The joint status report, filed on October 1, 2007, attached a second declaration of Melanie Ann Pustay, the director of the Office of Information and Privacy ("OIP") for the United States Department of Justice.  The status report and accompanying declaration explain the outcome of the conferral of the parties in view of the court's recent memorandum opinion and order.

The tally described in paragraph 1 above has been released to the plaintiff.  (10-01-07 Jt. Status Rpt. ¶ 1).

With respect to paragraphs 3 and 5 of the relief quoted above, the parties have conferred regarding the fifteen documents (PAO 4, 5, 9, 11, 12 and OLA 17, 22, 23, 24, 25, and 26).  (Id. ¶ 2).[1]  PAO 4 has been released to plaintiff.  (Id.).  According to the joint status report, the other fourteen documents are duplicates of documents that have already been released to plaintiff or were properly withheld.  (Id.).  The joint status report, signed by the plaintiff, states "Plaintiff accepts Defendant's representation that these fourteen documents are duplicative of documents that have already been released or that the court has already determined were properly withheld."  (Id.).  However, plaintiff notes its previous objection and position "that all documents described in Defendant's Vaughn index (previously filed), including these fourteen documents, should be reviewed *in camera* by the Court."  (Id.).  Because the plaintiff accepts the defendant's representation that the remaining fourteen documents are either duplicative of those documents

---

[1] In their joint status report, the parties state that the court's order "directed the parties to confer regarding fifteen documents," (Jt. Status Rpt. ¶ 2), yet the list that follows contains only 11 items, omitting OLA 9, 14, 15, and 21.  Given that the joint status report states that the parties have conferred "regarding these fifteen documents" and have acknowledged that fourteen are duplicative or were properly withheld (id.), the court assumes that this omission is due to oversight.

released or were properly withheld, the court need not review them in camera for the reasons set forth in its memorandum opinion and order dated August 28, 2007.  (08-28-07 Order at 41).

The joint status report and Pustay's second declaration explain that the draft letters have been reviewed "to determine if any portion could be segregated and disclosed without compromising the integrity of the documents." (2nd Pustay Decl. ¶ 6, attached to 10-01-07 Jt. Status Rpt.).  Following this review, it was determined by Pustay that the draft letters "do not contain any reasonably segregable information."  (Id.).  The second declaration further states that:

> The information contained in the two drafts represents the tentative position of the Department in response to Congressman Conyers' September 16, 2005 letter. Particularly in light of the fact that no final version of these drafts was located, disclosure of the information they contain would reveal predecisional, unadopted deliberations made in contemplation of a response to Congressman Conyers.

(Id.).  The court explained in its order of August 28, 2007, that factual material inextricably intertwined with protected material may be withheld and a fair description by the agency of the document's contents and basis for withholding may be given credence.  (08-28-07 Order at 38-39).  The court accepts the credibility of the explanation in the second Pustay declaration that the draft letters were re-examined and no facts may be

4

segregated without compromising the deliberative process.  See Young v. Cent. Intell. Agency, 972 F.2d 536, 539 (4th Cir. 1992)("The court is entitled to accept the credibility of the affidavits, so long as it has no reason to question the good faith of the agency.") (quoting Spannaus v. United States Dept. Of Justice, 813 F.2d 1285, 1289 (4th Cir. 1987)).

     Pustay also pointed out that she previously disclosed the sender, recipient and purpose of the unsigned, undated letters.  (2nd Pustay Decl. ¶ 7).  The defendant has thus satisfied its burden "by describing the withheld material with reasonable specificity and explaining how it falls under one of the enumerated exceptions."  Hanson v. U.S. Agency for Int'l Dev., 372 F.3d 286, 290 (4th Cir. 2004).  As such, in camera review of the draft letters is uncalled for.  See Nat'l Labor Relations Bd. v. Robbins Tire & Rubber Co., 437 U.S. 214, 226 (1978) (holding that the in camera review provision of the FOIA "is designed to be invoked when the issue before the District Court could not be otherwise resolved."); J.P. Stevens & Co., Inc. v. Perry, 710 F.2d 136, 143 (4th Cir. 1983) (in camera review found to be error where the government "carefully categorized the documents in such a way as to give notice that their contents [were covered by an exemption]."

5

Based on the foregoing, it is ORDERED that the issues raised in defendant's motion for summary judgment are resolved as follows:

1. The motion as to withholding the two-page tally of U.S. Attorneys' Offices entitled "Alternative Dispute Resolution Survey of EOUSA Cases" (which has been ordered released) be, and hereby is, denied;

2. The motion as to withholding POA 4 (which has been released) be, and hereby is, denied;

3. The motion as to withholding PAO 5,9,11,12 and OLA 9, 14, 15, 17, 21, 22, 23, 24, 25, 26 be, and hereby is, granted;

4. The motion as to withholding OLA 7 and 8, the two draft letters from Assistant Attorney general to Congressman Conyers be, and hereby is, granted.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: September 4, 2008

John T. Copenhaver, Jr.
United States District Judge